**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO: __________** |
| **v.** | : | **DATE FILED: __________** |
| **JOSEPH M. MOORE**<br>**JAMES P. DEANGELO, JR.** | :<br>: | **VIOLATION:**<br>**18 U.S.C. § 1955 (conducting illegal gambling business – 1 count)**<br>**Notice of forfeiture** |

**<u>INFORMATION</u>**

**<u>COUNT ONE</u>**

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

**BACKGROUND**

1. Defendant JOSEPH M. MOORE was a Philadelphia Probation Officer who owned and conducted a sports wagering business (the "Moore Gambling Business").

2. Defendant JAMES P. DEANGELO, JR. was a Philadelphia Police Officer who worked closely with defendant JOSEPH M. MOORE in the Moore Gambling Business and who, among other things, provided bettors with access to an overseas website that allowed bettors to place wagers online with the Moore Gambling Business.

3. Person #1 and Person #2, known to the United States Attorney, participated in conducting the Moore Gambling Business by collecting wagered funds from sports bettors and by paying successful bettors their winnings, all at the direction of defendant JOSEPH M. MOORE.

4. Person #3, known to the United States Attorney, participated in conducting the Moore Gambling Business by working with defendant JAMES P. DEANGELO, JR. to provide access to an overseas gambling website that allowed bettors to place wagers online with the Moore Gambling Business. Person #4 and Person #5, known to the United States Attorney, worked with Person #3 and at times collected payments for the gambling website from defendant DEANGELO.

5. Person #6, known to the United States Attorney, ran his own sports gambling business but also participated in conducting the Moore Gambling Business by occasionally, at the request of defendant JOSEPH M. MOORE, funding losses incurred by the Moore Gambling Business or otherwise assuming financial responsibility for certain wagers.

**CONDUCTING AN ILLEGAL GAMBLING BUSINESS**

6. From at least in or about January 2017, through at least in or about February 2025, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendants

**JOSEPH M. MOORE and**
**JAMES P. DEANGELO, JR.**

conducted, financed, managed, supervised, directed, and owned all or part of an illegal gambling business, that is, a gambling business involving sports betting, which gambling business was a violation of the laws of the Commonwealth of Pennsylvania, that is, 4 Pa.C.S.A. § 13C04 (unauthorized sports wagering), and which involved five or more persons who conducted, financed, managed, supervised, directed, and owned all or part of this illegal gambling business, and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of at least $2,000 in any single day.

**MANNER AND MEANS**

The illegal gambling business operated in the following manner:

7. Defendants JOSEPH M. MOORE ran a gambling business that allowed individuals to place various types of bets on sporting events. The betting included wagers on the outcome of individual games as well as wagers involving "block pools" and other sports gambling pools.

8. The block pools that defendant JOSEPH M. MOORE operated were gambling contests in which bettors were assigned random numbers corresponding to the points scored by teams in a particular game. Those games included NFL football games, NCAA basketball games, and other sporting events. The entry fee for these pools was as much as $500, which would generate thousands of dollars for the winners. Winners paid defendant MOORE approximately 10% of their winnings as a "tip" or fee for participating in the pool. For ordinary bets on sporting events, bettors paid a fee to defendant MOORE that was included in the cost of the bet.

9. Defendant JOSEPH M. MOORE also allowed bettors to participate in annual NFL football pools, called the "Gentlemen's Football Pool," in which the bettors each week would select games and pick the winners of those games, with a substantial payment to the top performers in the pool at the end of the NFL season. Similar to the block pools, winners paid defendant MOORE approximately 10% of their winnings as a "tip" or fee for participating in the pool. With over 500 participants who paid an annual $100 entry fee, thousands of dollars were generated for winners and for defendant MOORE in the "tips" or fees he collected. Defendant MOORE ran other similar pools on other sporting events and collected fees in a similar way.

10. Defendant JOSEPH M. MOORE allowed bettors to make bets on credit, without having to pay defendant MOORE until they lost their wagers, and at times, allowed losing bettors to lose multiple bets and incur debt before they paid defendant MOORE. Individuals who placed wagers with the Moore Gambling Business also could avoid paying taxes on their

winnings because, as an illegal business, the Moore Gambling Business did not report its business activities to the IRS.

11. Defendant JAMES P. DEANGELO, JR. helped conduct the Moore Gambling Business. Defendant DEANGELO partnered with defendant JOSEPH M. MOORE and engaged with Person #3 who provided access an overseas gambling website that, for a fee for each bettor, allowed the bettor to establish an account with the Moore Gambling Business and place bets on the overseas website. The website was critical to the Moore Gambling Business because the website provided information for bettors to make wagers on games, including identifying "spreads" on sporting events, the website registered their bets, and the website helped defendant MOORE maintain records of the betting activity of his customers.

12. At times, Person #3 directed defendant JAMES P. DEANGELO, JR. to make payments for the overseas website to Person #4, who on multiple occasions had Person #5 handle the collection. Whenever there were problems with the website or adjustments needed to be made to the betting lines for the Moore Gambling Business, defendant DEANGELO handled those issues with Person #3.

13. Defendant JOSEPH M. MOORE paid defendant DEANGELO a percentage of the losses suffered by bettors, as much as 20%, as fee for defendant DEANGELO's role in the Moore Gambling Business.

14. Defendant JAMES P. DEANGELO, JR. also accepted wagers on individual sporting events from gamblers. In some of those cases, defendant DEANGELO acted as the "bookmaker" on those bets, and in other cases, directed gamblers to defendant JOSEPH M. MOORE and the Moore Gambling Business. Defendant DEANGELO also made substantial wagers himself with the Moore Gambling Business (as well as other gambling outlets) and, at

times, had defendant MOORE apply defendant DEANGELO's lost wagers to defendant DEANGELO's fees for his participation in the Moore Gambling Business.

15. To process payments from bettors and to pay winning bettors, defendant JOSEPH M. MOORE used various peer to peer services such as Venmo, Cash App, Apple Pay, and PayPal. When defendant MOORE had difficulty using his own accounts because of the excessive gambling activity on those accounts, he recruited first Person #1 and then Person #2 to handle the flow of funds in the Moore Gambling Business.

16. Specifically, in or about April 2021, defendant JOSEPH M. MOORE recruited a long-time friend of his, Person #1, to process funds in the Moore Gambling Business. Defendant MOORE had Person #1 use Person #1's peer to peer accounts, such as Venmo, Cash App, Apple Pay, and PayPal, to collect funds from losing bettors and to pay winners – all at the direction of defendant MOORE. Defendant MOORE paid Person #1 between $200 and $250 per week for his services.

17. In or about January 2023, when Person #1 was having difficulty operating his peer-to-peer accounts due to the excessive gambling activity on those accounts, defendant JOSEPH M. MOORE recruited Person #2, another friend and fellow Philadelphia Probation Officer, to process funds for the Moore Gambling Business in the same manner as Person #1. Person #2 agreed to help conduct the Moore Gambling Business in this way, and defendant MOORE paid Person #2 $200 per week for his services.

18. On occasion, when defendant JOSEPH M. MOORE had difficulty paying successful bettors, he used Person #6, to help fund the losses of the Moore Gambling Business in exchange for fees generated in the future by unsuccessful bettors.

19. Defendant JOSEPH M. MOORE ran his gambling business, in part, from his Philadelphia Probation Department office and maintained records of his operation on his work computer.

20. During the years of its operation, the Moore Gambling Business served hundreds of bettors who, in total, wagered hundreds of thousands of dollars on sporting events.

All in violation of Title 18, United States Code, Section 1955.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violation of Title 18, United States Code, Section 1955, set forth in this information, defendants

**JOSEPH M. MOORE and**
**JAMES P. DEANGELO, JR.**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such a violation.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

/FOR

**DAVID METCALF**
**UNITED STATES ATTORNEY**

*No.*___________

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

JOSEPH M. MOORE
JAMES P. DE ANGELO, JR.

**INFORMATION**

**18 U.S.C. § 1955 (conducting illegal gambling business – 1 count)**
**Notice of forfeiture**

A true bill.

______________________________
Foreman

Filed in open court this ______________________day,
Of ____________________A.D. 20__________

______________________________
Clerk

Bail, $______________